**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| LEE DONALDSON, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:06-cv-02492-PMD |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| THE CITY OF WALTERBORO POLICE DEPARTMENT and THE CITY OF RIDGELAND POLICE DEPARTMENT, | ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court upon a Motion to Disqualify Counsel filed by Defendants the City of Walterboro Police Department and the City of Ridgeland Police Department ("Defendants"). For the reasons set forth herein, the court grants Defendants' motion.

**BACKGROUND**

Plaintiff Lee Donaldson ("Plaintiff" or "Donaldson") filed the instant action in the Court of Common Pleas of Colleton County on August 8, 2006, and Defendants removed the case on September 7, 2006. Plaintiff's Complaint asserts causes of action for violation of 42 U.S.C. § 1983, assault and battery, malicious prosecution, and negligence. (*See* Compl.)

Defendants filed a Motion for Summary Judgment on July 30, 2007, and the court issued an order granting this motion on August 31, 2007. Plaintiff, however, filed a Motion to Reconsider, and in an order dated January 7, 2008, the court granted Plaintiff's motion. In this order, the court vacated its order dated August 31, 2007 and allowed Plaintiff thirty days from the date of the order (January 7, 2008) to complete discovery and an additional thirty days to file his Response in Opposition to Defendants' Motion for Summary Judgment. (*See* Doc. No. [31].)

The parties scheduled and completed two depositions of police officers with the City of Walterboro on January 24, 2008.  However, Defendants' attorney Scott Justice indicates in his Motion to Disqualify Counsel that on January 25, while in preparation for the depositions of police officers with the Town of Ridgeland, he "learned for the first time that the law firm of Moss, Kuhn and Fleming, P.A., who represent[s] Plaintiff in the current case, ha[s] performed legal services for the Defendant Town of Ridgeland."  (Mot. to Disqualify at 2.)  Defendants' attorney states,

> Counsel for Defendants learned that Deborah Malphrus, Esquire, an attorney practicing with the firm of Moss, Kuhn and Fleming, P.A., in its Ridgeland, South Carolina office, has represented the Town of Ridgeland on numerous occasions over the last several years and as recently as December, 2007.

(*Id.*)  Mr. Justice further states that he wrote Plaintiff's counsel on January 25, 2008, informing him that he believed a conflict existed and requesting that Plaintiff's counsel "take appropriate action." (*Id.*)  In a telephone call between the two attorneys on January 28, 2008, Mr. Justice asserts that Plaintiff's counsel stated that he did not believe a conflict existed.  (*Id.*)  Defendants' counsel then filed this Motion to Disqualify Counsel on February 5, 2008.  Plaintiff opposes this motion.

## ANALYSIS

In *Clinton Mills, Inc. v. Alexander & Alexander, Inc.*, 687 F. Supp. 226 (D.S.C. 1988), the court set out the general background for a motion to disqualify:

> A motion to disqualify counsel is a matter subject to the court's general supervisory authority to ensure fairness to all who bring their case to the judiciary for resolution.  Under District Court Local Rules 2.08 and 2.09(h)(i)(2), the South Carolina Code of Professional Responsibility establishes the ethical standards governing the practice of law in this court.  It is the court's responsibility to use its disqualification power to see that those who practice before the court adhere to the South Carolina Code.

2

*Clinton Mills*, 687 F. Supp. at 228 (citations omitted).[1]  It is the moving party who has the burden of proof in moving to disqualify the opposing party's counsel, and such burden is a high one.  *See Capacchione v. Charlotte-Mecklenburg Bd. of Educ.*, 9 F. Supp. 2d 572, 579 (W.D.N.C. 1998); *see also Newman Grill Sys., LLC v. Ducane Gas Grills, Inc. (In re Ducane Gas Grills, Inc.)*, 320 B.R. 312, 318 (Bankr. D.S.C. 2004); *Buckley v. Airshield Corp.*, 908 F. Supp. 299, 304 (D. Md. 1995). Courts should decide these motions on a case-by-case basis, *In re Ducane Gas Grills*, 320 B.R. at 318-19, and a court should not disqualify a party's chosen counsel on "imagined scenarios of conflict."  *Capacchione*, 9 F. Supp. 2d at 579; *see also Aetna Cas. & Sur. Co. v. United States*, 570 F.2d 1197, 1200-01 (4th Cir. 1978) (concluding the district court erred in disqualifying the Department of Justice in part because the court found nothing in the record to support the conclusion of the court that an actual conflict exists).  Because disqualification is such a drastic remedy, courts must "avoid overly-mechanical adherence to disciplinary canons at the expense of litigants' rights freely to choose their counsel . . . and . . . [must] remain mindful of the opposing possibility of misuse of disqualification motions for strategic reasons."  *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 146 (4th Cir. 1992).

---

[1]While there presently is no Local Rule 2.08 or 2.09, Local Rule 83.I.08, RDE Rule IV states, in part,

> Acts or omissions by an attorney admitted to practice before this Court, individually or in concert with any other person or persons, which violate the Code of Professional Responsibility adopted by this Court shall constitute misconduct and shall be grounds for discipline, whether or not the act or omission occurred in the course of any attorney-client relationship.  The Code of Professional Responsibility adopted by this Court is the South Carolina Rules of Professional Conduct (Rule 407 of the South Carolina Appellate Court Rules) adopted by the Supreme Court of the State of South Carolina, as amended from time to time by that state court, except as otherwise provided by specific Rule of this Court.

In the case *sub judice*, Defendants move to disqualify Plaintiff's counsel on the basis of a violation of Rule 1.7 of the South Carolina Rules of Professional Conduct. That rule states,

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> > (1) the representation of one client will be directly adverse to another client; or
> > (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
> > (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> > (2) the representation is not prohibited by law;
> > (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> > (4) each affected client gives informed consent, confirmed in writing.

S.C. RULES OF PROF'L CONDUCT R. 1.7.

According to Defendants, Plaintiff's counsel violated this rule because Plaintiff's counsel, James Moss, an attorney with Moss, Kuhn and Fleming in its Beaufort office, provided representation to Plaintiff against these Defendants when Deborah Malphrus, an attorney with Moss, Kuhn and Fleming in its Ridgeland office, has represented the Town of Ridgeland on "numerous occasions over the last several years and as recently as December, 2007." (Mot. to Disqualify at 2.) Defendants attached two affidavits to their motion: the affidavit of Jason Taylor, Town Administrator of the Town of Ridgeland, and Henry P. Moss, Jr., Mayor of the Town of Ridgeland. The affidavits indicate that on January 25, 2008, both individuals became aware that the firm of Moss, Kuhn and Fleming represented Plaintiff in this matter against the Town of Ridgland. (Taylor Aff. ¶ 5; Moss Aff. ¶ 5.) Taylor's affidavit further states that in his capacity as Town Administrator

he "can state that the Town does not consent to the Plaintiff in the current case being represented by Moss, Kuhn and Fleming, nor would the Town have consented to said representation even had the identity of Plaintiff's Counsel been fully disclosed at the inception of the lawsuit." (Taylor Aff. ¶ 7.) Mr. Henry Moss's affidavit similarly indicates that he was not consulted by Moss, Kuhn and Fleming regarding the representation of Plaintiff, he is not aware of any Town official having been consulted, the Town does not consent, and the Town would not have consented to such representation. (Moss Aff. ¶ 7.)[2] While there is no assertion that Plaintiff's counsel has himself performed work for the Town of Ridgeland at any time relevant herein, Defendants assert he should be disqualified because the conflict is imputed. Pursuant to Rule 1.10(a) of the South Carolina Rules of Professional Conduct,

> While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), or 1.9, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

S.C. RULES OF PROF'L CONDUCT R. 1.10.[3]

In Response, Plaintiff notes that this litigation has been pending for nearly two years and only now do Defendants raise the issue of disqualification. (Resp. in Opp'n at 2.) However, Plaintiff asserts there is no conflict of interest:

> Deborah Malphrus has not been paid a regular retainer by the Town of Ridgland over

---

[2]Both affidavits also indicate that while the affiants are familiar with the case *sub judice*, the subject of who represents the Plaintiff had not arisen with them before January 25, 2008. (Taylor Aff. ¶ 6; Moss Aff. ¶ 6.)

[3]Defense counsel does not state or imply that the representation of Plaintiff was undertaken by Plaintiff's counsel with knowledge of the conflict. (*See* Mot. to Disqualify at 5 n.2.)

5

> the last few years nor has she handled any type of litigation for the Town. Ms.
> Malphrus has mostly handled real estate type work on a contract or hourly basis, to
> mainly include, the research of deeds and easements for the Town. Ms. Malphrus
> has not been hired by the Town of Ridgeland as the Town Attorney nor has she held
> herself out as such. Furthermore, she has done a minuscule amount of work for the
> Town over the course of three to four years.

(*Id.* at 3.) Plaintiff further states that the "minimal real estate work Ms. Malphrus has done over the last several years would in no way affect Mr. Moss' representation in the pending litigation nor would it have any adverse [e]ffect on the Town of Ridgeland Police Department in this litigation as Ms. Malphrus has not undertaken any civil litigation on behalf of the Town of Ridgeland or the Ridgeland Police Department." (*Id.*)

In *Schaffer*, the Fourth Circuit concluded the district court erred in disqualifying the plaintiff's counsel. *See Shaffer*, 966 F.2d at 143-44. The district court concluded disqualification was warranted because "while the Union and the Farm Fresh employees share an interest in recovering lost wages," the Union "may have additional motives." *Id.* at 145. The district court "hypothesized a potential conflict if . . . Farm Fresh proposed a quick, confidential settlement" because while such settlement might be favorable to the employees, a quiet settlement would undermine the Union's interest in publicizing a successful outcome. *Id.* The Fourth Circuit found disqualification erroneous, however, because even though the ethical rule at issue proscribed "multiple employment not only when counsel's exercise of independent professional judgment 'will be' adversely affected, but when it is 'likely to be,' some stronger objective indicator–even of 'likelihood'–than simple judicial intuition is needed to warrant the drastic step of disqualification of counsel." *Id.* at 145-46. The scenario posited by the district court was simply too speculative and too attenuated a basis upon which to rest a decision to disqualify counsel. *Id.* at 146.

The issue of a Motion to Disqualify arises often in the context of former representations.

*See, e.g. CSX Transp., Inc. v. Gilkison*, No. 5:05CV202, 2006 WL 3203419 (N.D.W. Va. Nov. 3, 2006) (addressing whether disqualification was warranted pursuant to Rules 1.9(a) and 1.10 of the West Virginia Rules of Professional Conduct); *Blumenthal Power Co. v. Browning-Ferris, Inc.*, 903 F. Supp. 901 (D. Md. 1995); *Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737 (2d Cir. 1978). It appears to arise much less often in the context of current clients, and some courts have held that a violation of Rule 1.7(a) does not automatically mean that disqualification is appropriate. *See, e.g., Gen-Cor, LLC v. Buckeye Corrugated, Inc.*, 111 F. Supp. 2d 1049 (S.D. Ind. 2000) (applying the "substantially related" analysis from Rule 1.9 in the context of a conflict of interest under Rule 1.7).

In the case *sub judice*, the law firm of Moss, Kuhn and Fleming represented both the Town of Ridgeland and against the Town of Ridgeland, and the time period of these representations was not mutually exclusive. This case has been pending since August of 2006, and Ms. Malphrus has performed some work for the Town of Ridgeland during the time this case has been pending. While the matters do not appear to be substantially related, Rule 1.9 is not the operative rule in this case, given that the representation appeared to be, and perhaps still is, concurrent. Even though there is no allegation whatsoever that Plaintiff's counsel undertook the representation with knowledge of the conflict, and thus perhaps there was no violation of the South Carolina Rules of Professional Conduct at the inception of the representation, the court concludes that continued representation is inappropriate, especially given the evidence submitted by Defendants that the Town of Ridgeland did not consent and does not do so now. *See* S.C. RULES OF PROF'L CONDUCT R. 1.7 cmt. 6 ("Loyalty to a current client prohibits undertaking representation directly adverse to that client without that client's informed consent. Thus, absent consent, a lawyer may not act as an advocate in one matter against a person the lawyer represents in some other matter, even when the matters are

7

wholly unrelated. The client as to whom the representation is directly adverse is likely to feel betrayed . . .").

The court acknowledges that granting this Motion to Disqualify deprives the Plaintiff of his chosen counsel and increases the length of time this case will remain pending. However, the court is also mindful of its responsibility to uphold the South Carolina Rules of Professional conduct, *see Clinton Mills*, 687 F. Supp. at 228, and even though the court assumes the representation of the Plaintiff was undertaken without knowledge of the conflict, continued representation is undesirable. The court notes the situation in the case *sub judice* is not one of a potential conflict like in *Shaffer*, but rather an actual conflict, and this court is not to "weigh the circumstances 'with hair-splitting nicety' but, in the proper exercise of its supervisory power over the members of the bar and with a view of preventing 'the appearance of impropriety,' it is to resolve all doubts in favor of disqualification." *United States v. Clarkson*, 567 F.2d 270, 273 n.3 (4th Cir. 1977). This court accordingly determines that Plaintiff's counsel should be disqualified and thus grants Defendants' motion.

## **CONCLUSION**

It is therefore **ORDERED**, for the foregoing reasons, that Defendants' Motion to Disqualify Counsel is **GRANTED**. It is further **ORDERED** that Plaintiff has thirty (30) days to obtain new counsel. It is also **ORDERED** that once Plaintiff obtains new counsel, Plaintiff's new counsel has thirty (30) days to complete discovery. It is **ORDERED** that Defendants' Motion for Summary Judgment is **DISMISSED** with leave to re-file after discovery is complete.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**March 31, 2008**